**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

OVIDIO CRUZ, individually and on behalf of all
others similarly situated,

Plaintiffs,

v.

OUTERSCAPE, INC.; and ANDRIS S. MORTON,
individually and as officer, director, and or principal
of OUTERSCAPE, INC.,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Case No.


**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff OVIDIO CRUZ ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his attorneys VALLI KANE & VAGNINI LLP, brings this action for damages and other legal and equitable relief against Defendants OUTERSCAPE, INC. ("Outerscape") and ANDRIS S. MORTON ("Morton"), individually and as officer, director, and or principal of OUTERSCAPE, INC. (collectively, "Defendants"), for violations of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201 *et seq.*; the New York Labor Law ("NYLL"), the Wage Theft Prevention Act, as amended, NYLL §§ 195 *et seq.* ("WTPA"), and any other cause(s) of action that can be inferred from the facts set forth herein.

<u>INTRODUCTION</u>

1.      This is a putative collective and class action brought by Plaintiff challenging acts committed by Defendants against Plaintiff and those similarly situated, which amount to violations of federal and state wage and hour laws.

2.      Defendants employed Plaintiff and all other person similarly situated as landscapers (collectively, "Landscapers"), who provided landscaping services such as lawn and garden care to Defendants' customers.

3.      First, pursuant to 29 U.S.C. § 216(b), on behalf of himself and a collective of persons who are and were employed by Defendants as Landscapers during the past three (3) years through the final date of the disposition of this action who were not paid the statutorily required rate of one and a half (1½) times their hourly rate for all hours worked in excess of forty (40) per workweek and are entitled to recover: (i) unpaid and incorrectly paid wages for all hours worked in a workweek, as required by law, (ii) unpaid overtime, (iii) liquidated damages, (iv) interest, (v) attorneys' fees and costs, and (vi) such other and further relief as this Court finds necessary and proper.

4.      Second, Plaintiff brings this action pursuant to Fed. R. Civ. P. 23, on behalf of himself and four (4) classes of persons who are and were employed by Defendants as Landscapers during the relevant time period who were: (i) not paid the statutorily required rate of one and a half (1½) times their hourly rate for all hours worked in excess of forty (40) per workweek; (ii) not paid the statutory minimum wage pursuant to the NYLL for all hours worked per workweek; (iii) not paid "spread of hours pay" for all hours worked in excess of ten (10) hours per workday' and (iv) not issued the proper wage statements and notices pursuant to the WTPA, which violates the NYLL and are entitled to recover: (i) unpaid and incorrectly paid wages for all hours worked in a workweek, as required by law, (ii) unpaid overtime, (iii) minimum wages (iv) liquidated damages, (v) penalties,  (vi) interest, (vii) attorneys' fees and costs, and (viii) such other and further relief as this Court finds necessary and proper.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; (iii) under 29 U.S.C. §§  201 *et seq*.

6.      Venue is proper in this Court pursuant to 29 U.S.C. §§ 201 *et seq*., in as much as this judicial district lies in a State in which the unlawful employment practices occurred. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendants maintain facilities, conduct business and reside in this district.

7.      The Court's supplemental jurisdiction is invoked to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

## THE PARTIES

8.      At all relevant times, Plaintiff was an "employee" within the meaning of the FLSA and the NYLL and resided in Nassau County, New York.

9.      Upon information and belief, Defendant Outerscape is a privately owned business organized under the laws of the state of New York and has its principal place of business at 6 Lewis Lane, Locust Valley, New York 11560.

10.      Defendant Outerscape transacted and continues to transact business in New York and within Nassau County by employing Plaintiff and all those similarly situated as Landscapers.

11. Defendant Outerscape has at all relevant times been an "employer" covered by the FLSA and the NYLL.

12. Upon information and belief, the amount of qualifying annual volume of business for Defendant Outerscape exceeds $500,000.00 and thus subjects Defendant Outerscape to the FLSA.

13. Upon information and belief, Defendant Outerscape is engaged in interstate commerce. This independently subjects Defendant Outerscape to the FLSA.

14. Upon information and belief, Defendant Morton is the President and/or Chief Executive Officer and/or owner/principal of Defendant Outerscape.

15. Upon Information and belief, Defendant Morton resides in Nassau County, New York and transacted business in New York and within Nassau County by employing Plaintiff and those similarly situated as Landscapers.

16. Defendants jointly employed Plaintiff and those similarly situated by employing or acting in the interest of employer towards Plaintiff and those similarly situated directly or indirectly, jointly or severally, including without limitation, by controlling and directing the terms of employment and compensation and by suffering all those similarly situated employees to work.

I. **Facts Common to All Landscapers**

17. Defendants employed Plaintiff and all those similarly situated as Landscapers who performed landscaping for Defendants' customers throughout Nassau, County.

18. Landscapers' job duties included, but were not limited to: preparation of materials for install, lawn and landscaping care, and removal of waste from customer sites.

19. Landscapers received their work schedule orally from Defendant Morton.

20.     Upon information and belief, Defendant Morton recorded the hours that Landscapers worked.

21.     Landscapers typically worked approximately six (6) days per workweek.

22.     Landscapers worked a minimum of ten (10) hours per workday.

23.     Landscapers did in fact worked more than (10) hours per workday.

24.     Landscapers were paid a daily rate of approximately $100.00 per workday.

25.     This daily rate did not change no matter the amount of hours worked per workday/workweek by Landscapers.

26.     At certain times, Landscapers were paid via a combination of both check and cash.

27.     Landscapers were also paid either solely by cash or via a combination of cash and check.

28.     As a result of their daily pay rate, throughout the relevant time period, Landscapers were not paid with an overtime premium of one and a half (1 ½) times his regular hourly rate for all hours worked in excess of forty (40) hours per workweek.

29.     Also as a result of their daily pay rate, from January 1, 2017 to present, Landscapers were not compensated with the statutorily required minimum wage for all hours worked per workweek in violation of the NYLL.

30.     Further, from January 1, 2017 to present, Defendants did not compensate the Landscapers New York State's statutorily required "spread of hours" pay for each workday that the Landscapers worked in excess of ten (10) hours in violation of the NYLL.

31.     Landscapers were not exempt under the FLSA and the NYLL.

32.     Defendants' failure to pay Landscapers with an overtime premium for all hours worked in excess of forty (40) hours per workweek was a violation of the FLSA and the NYLL.

33.     Defendants' failure to pay Landscapers the statutorily required minimum wage for all hours worked per workweek was a violation of the NYLL.

### a. Facts Pertaining to Defendants' WTPA Violations

34.     Upon hiring, Landscapers were not provided any Notices pursuant to the WTPA.

35.     For each wage payment, to the extent they received a paystub at all, Landscapers were solely issued a check or cash that failed to include all the necessary information pursuant to the WTPA, including the amount of hours worked.

36.     Accordingly, Defendants did not issue Landscapers the requisite notices and wage statements pursuant to the WTPA.

## II.     Facts Pertaining to Plaintiff

37.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

38.     In or about June 2012, Plaintiff began his employment for Defendants as a landscaper.

39.     Throughout the relevant time period, Plaintiff worked at a minimum ten (10) hours per workday and six (6) days per workweek.

40.     Plaintiff did in fact work in excess of ten (10) hours per workday.

41.     In 2012, Plaintiff's daily rate was $80.00.

42.     In 2013, 2014, 2015, 2016, 2017, and 2018, Plaintiff's daily rate was approximately $100.00.

43.     To the extent Plaintiff received a check for his pay, such payment was based on straight time payment for all hours worked with no compensation at time and a half for hours worked over forty (40) in a workweek.

44.     As a result of his daily pay rate, throughout the relevant time period, Plaintiff was not paid with an overtime premium of one and a half (1 ½) times their regular hourly rate for all hours worked in excess of forty (40) hours per workweek in violation of the FLSA and the NYLL.

45.     Also as a result of his daily pay rate, from January 1, 2017 to present, Plaintiff was not compensated with the statutorily required minimum wage for all hours worked per workweek in violation of the NYLL.

46.     Further, from January 1, 2017 to present,  Defendants did not compensate Plaintiff the New York State's statutorily required "spread of hours" pay for each workday that the he worked in excess of ten (10) hours in violation of the NYLL.

47.     In April 2018, Plaintiff resigned from his employment with Defendants because of their continued FLSA and NYLL violations.

## FLSA COLLECTIVE ACTION ALLEGATIONS

48.     Plaintiff seeks to bring this suit as a collective action pursuant to 29 U.S.C. § 216(b) on his own behalf as well as those in the following collective:

> All Landscapers employed by Defendants during the past three (3) years through the final date of disposition of this action, who are or were required to work in excess of forty (40) hours per workweek without compensation at the statutorily required rate of one and a half (1½) times their hourly rate for all hours worked in excess of forty (40) per workweek.

49.     At all relevant times, Plaintiff was similarly situated to all such individuals in the FLSA Overtime Collective[1] because, while employed by Defendants, Plaintiff and all FLSA Plaintiffs performed similar tasks, were subject to the same laws and regulations, were paid in the same or substantially similar manner, were paid the same or similar rate, were required to work in excess of forty (40) hours per workweek and were subject to Defendants' policies and practices

---

[1]     Hereinafter referred to as the FLSA Plaintiffs.

of willfully failing to pay them at the statutorily required rate of one and a half (1½) times their hourly rate for all hours worked in excess of forty (40) per workweek.

50.     Defendants are and have been aware of the requirement to pay Plaintiff and the FLSA Plaintiffs at a rate of one and a half (1½) times their hourly rate for all hours worked in excess of forty (40) per workweek, yet willfully choose not to.

51.      The FLSA Plaintiffs, are readily discernable and ascertainable. All FLSA Plaintiffs' contact information is readily available in Defendants' records. Notice of this collective action can be made as soon as the Court determines it appropriate to do so.

52.     The number of FLSA Plaintiffs in the collective are too numerous to join in a single action, necessitating collective recognition.

53.     All questions relating to Defendants' violation of the FLSA share a common factual basis as set forth herein.  No claims under the FLSA relating to Defendants' failure to pay statutorily required rate of one and a half (1½) times the FLSA Plaintiffs' hourly rate for all hours worked in excess of forty (40) per workweek are specific to Plaintiff and the claims asserted by Plaintiff are typical of those of members of the collective.

54.      Plaintiff will fairly and adequately represent the interests of the collective and has no interests conflicting with the collective.

55.     A collective action is superior to all other methods and is necessary in order to fairly and completely litigate violations of the FLSA.

56.     Plaintiff's attorneys are familiar and have experience with collective and class action litigation, as well as employment and labor law litigation.

57.      The public will benefit from the case being brought as a collective action because doing so will serve the interests of judicial economy by reducing a multitude of claims to a single

litigation. Prosecution of separate actions by individual FLSA Plaintiffs creates a risk for varying results based on identical fact patterns as well as disposition of the collective's interests without their knowledge or contribution.

58.     The questions of law and fact are nearly identical for all FLSA Plaintiffs and therefore proceeding as a collective action is ideal. Without judicial resolution of the claims asserted on behalf of the proposed collective, Defendants' continued violations of the FLSA will undoubtedly continue.

## RULE 23 CLASS ACTION ALLEGATIONS

### A.  NYLL OVERTIME CLASS

59.     Plaintiff seeks to maintain this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of those who, during the previous six (6) years, were subjected to violations of the NYLL.

60.     The Class which Plaintiff seeks to define includes:

> All Landscapers employed by Defendants during the past six (6) years through the final date of disposition of this action, who are or were required to work in excess of forty (40) hours per workweek without compensation at the statutorily required rate of one and a half (1½) times their hourly rate for all hours worked in excess of forty (40) per workweek.

61.     The number of class members protected by the NYLL and who have suffered under Defendants' violation of the NYLL, as set forth herein, are too numerous to join in a single action, necessitating class recognition.

62.     All questions relating to the NYLL Overtime Class's allegations under the NYLL share a common factual basis with those raised by the claims of Plaintiff. No claims under the NYLL relating to the denial of overtime for all hours worked in excess of forty (40) hours per

workweek are specific to Plaintiff's or any proposed NYLL Overtime Class member and the claims of Plaintiff are typical of those asserted by the proposed NYLL Overtime Class.

63.      Plaintiff will fairly and adequately represent the interests of all members of the proposed NYLL Overtime Class.

64.      A class action is superior to all other methods of adjudication and is necessary in order to fairly and completely litigate the NYLL Overtime Class's allegations that Defendants violated the NYLL by requiring all members of the proposed NYLL Class to work in excess of forty (40) hours per workweek without compensation at an overtime premium.

65.      The class members of the proposed NYLL Overtime Class are readily discernable and ascertainable.  Contact information for all members of the proposed NYLL Overtime Class[2] is readily available from Defendants since such information is likely to be contained in their personnel files.  Notice of this class action can be provided by any means permissible under the Fed. R. Civ. P. 23 requirements.

66.      Plaintiff asserts these claims on his own behalf as well as on behalf of the NYLL Overtime Class Plaintiffs through his attorneys who are experienced in class action litigation as well as employment litigation.

67.      Plaintiff is able to fairly represent and properly protect the interests of the absent members of the proposed NYLL Overtime Class and have no interests conflicting with those of the Class.

68.      The public will benefit from this case being brought as a class action because it serves the interests of judicial economy by saving the Court's time and effort and by reducing a multitude of claims to a single litigation. Prosecution of separate actions by individual NYLL

---

[2]          Hereinafter referred to as the NYLL Overtime Plaintiffs.

Overtime Plaintiffs creates a risk of varying results based on identical fact patterns as well as disposition of the NYLL Overtime Class's interests without their knowledge or contribution.

69.     Because of the nature of wage and hour claims brought during the course of employment, class members are often fearful of filing claims against their employers and would benefit from Plaintiff's willingness to proceed against Defendants. The anonymity inherent in a class action suit further provides insulation against retaliation and/or undue stress and fear for the NYLL Overtime Class Plaintiffs' jobs and continued employment.

70.     The questions of law and fact that are nearly identical for all class members make proceeding as class action ideal.  Without judicial resolution of the claims asserted on behalf of the proposed NYLL Overtime Class, continued violations of the NYLL will undoubtedly continue.

71.     Whether Plaintiff and the NYLL Overtime Class Plaintiffs were properly compensated with an overtime premium for all hours worked in excess of forty (40) hours per *w*orkweek is common questions, which can readily be resolved through the class action process.

## B.  NYLL MINIMUM WAGE CLASS

72.     Plaintiff additionally seeks to maintain this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of those who, from January 1, 2017 to present, are/were subjected to violations of the NYLL.

73.     The Class which Plaintiff seeks to define includes:

> All Landscapers employed by Defendants from January 1, 2017
> through the final date of disposition of this action who are/were not
> compensated by Defendants the New York State minimum wage
> pursuant to the New York Labor Law.

74.     The number of class members protected by the NYLL and who have suffered under Defendants' violation of NYLL, as set forth herein, is, upon information and belief, well in

excess of forty (40) and is therefore too numerous to join in a single action, necessitating class recognition.

75.    All questions relating to the Class's allegations under the NYLL share a common factual basis with those raised by the claims of Plaintiff.  No claims under the NYLL relating to the denial of minimum wage are specific to Plaintiff or any proposed NYLL Minimum Wage Class member and the claims of Plaintiff are typical of those asserted by the proposed NYLL Minimum Wage Class.

76.    Plaintiff will fairly and adequately represent the interests of all members of the proposed NYLL Minimum Wage Class.

77.    A class action is superior to all other methods of adjudication and is necessary in order to fairly and completely litigate the Class's allegations that Defendants violated the NYLL by failing to pay statutorily required minimum wages to all members of the proposed NYLL Minimum Wage Class.

78.    The class members of the proposed NYLL Minimum Wage Class are readily discernable and ascertainable. Contact information for all members of the proposed NYLL Minimum Wage Class[3] is readily available from Defendants since such information is likely to be contained in their personnel files.  Notice of this class action can be provided by any means permissible under Fed. R. Civ. P. 23 requirements.

79.    Plaintiff asserts these claims on his own behalf as well as on behalf of the NYLL Minimum Wage Plaintiffs through his attorneys who are experienced in class action litigation as well as employment litigation.

---

[3]    Hereinafter referred to as the NYLL Minimum Wage Plaintiffs.

80.     Plaintiff is able to fairly represent and properly protect the interests of the absent members of the proposed NYLL Minimum Wage Class and has no interests conflicting with those of the Class.

81.     The public will benefit from this case being brought as a class action because it serves the interests of judicial economy by saving the Court's time and effort and by reducing a multitude of claims to a single litigation. Prosecution of separate actions by individual NYLL Minimum Wage Plaintiffs creates a risk of varying results based on identical fact patterns as well as disposition of the Class's interests without their knowledge or contribution.

82.     Because of the nature of wage and hour claims brought during the course of employment, class members are often fearful of filing claims against their employers and would benefit from Plaintiff's willingness to proceed against Defendants. The anonymity inherent in a class action suit further provides insulation against retaliation and/or undue stress and fear for the NYLL Minimum Wage Plaintiffs' jobs and continued employment.

83.     The questions of law and fact that are nearly identical for all class members make proceeding as class action ideal. Without judicial resolution of the claims asserted on behalf of the proposed NYLL Minimum Wage Plaintiffs, continued violations of the NYLL will undoubtedly continue.

84.     Whether Plaintiff and the NYLL Minimum Wage Plaintiffs are/were properly compensated at the minimum wage for all hours worked is a common question which can readily be resolved through the class action process.

**C. NYLL Spread of Hours Class**

85.    Plaintiff additionally seeks to maintain this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of those who, from January 1, 2017 to present, are/were subjected to violations of the NYLL.

86.    The Class which Plaintiff seeks to define includes:

> All Landscapers employed by Defendants from January 1, 2017 through the final date of disposition of this action who are/were not paid New York State's statutorily required "spread of hours" pay for each workday worked in excess of ten (10) hours.

87.    The number of class members protected by the NYLL and who have suffered under Defendants' violation of NYLL, as set forth herein, is, upon information and belief, well in excess of forty (40) and is therefore too numerous to join in a single action, necessitating class recognition.

88.    All questions relating to the Class's allegations under the NYLL share a common factual basis with those raised by the claims of Plaintiff.  No claims under the NYLL relating to the denial of "spread of hours" pay are specific to Plaintiff or any proposed NYLL Spread of Hours Class member and the claims of Plaintiff are typical of those asserted by the proposed NYLL Spread of Hours Class.

89.    Plaintiff will fairly and adequately represent the interests of all members of the proposed NYLL Spread of Hours Class.

90.    A class action is superior to all other methods of adjudication and is necessary in order to fairly and completely litigate the Class's allegations that Defendants violated the NYLL by failing to pay statutorily required minimum wages to all members of the proposed NYLL Spread of Hours Class.

91.     The class members of the proposed NYLL Spread of Hours Class are readily discernable and ascertainable. Contact information for all members of the proposed NYLL Spread of Hours Class[4] is readily available from Defendants since such information is likely to be contained in their personnel files.  Notice of this class action can be provided by any means permissible under Fed. R. Civ. P. 23 requirements.

92.     Plaintiff asserts these claims on his own behalf as well as on behalf of the NYLL Spread of Hours Plaintiffs through his attorneys who are experienced in class action litigation as well as employment litigation.

93.     Plaintiff is able to fairly represent and properly protect the interests of the absent members of the proposed NYLL Spread of Hours Class and has no interests conflicting with those of the Class.

94.      The public will benefit from this case being brought as a class action because it serves the interests of judicial economy by saving the Court's time and effort and by reducing a multitude of claims to a single litigation.  Prosecution of separate actions by individual NYLL Spread of Hours Plaintiffs creates a risk of varying results based on identical fact patterns as well as disposition of the Class's interests without their knowledge or contribution.

95.      Because of the nature of wage and hour claims brought during the course of employment, class members are often fearful of filing claims against their employers and would benefit from Plaintiff's willingness to proceed against Defendants.  The anonymity inherent in a class action suit further provides insulation against retaliation and/or undue stress and fear for the NYLL Spread of Hours Plaintiffs' jobs and continued employment.

---

[4]     Hereinafter referred to as the NYLL Spread of Hours Plaintiffs.

96.    The questions of law and fact that are nearly identical for all class members make proceeding as class action ideal.  Without judicial resolution of the claims asserted on behalf of the proposed NYLL Spread of Hours Plaintiffs, continued violations of the NYLL will undoubtedly continue.

97.    Whether Plaintiff and the NYLL Spread of Hours Plaintiffs are/were properly compensated the "spread of hours" pay for each workday that they worked in excess of ten (10) hours a common question which can readily be resolved through the class action process.

### D.  WTPA CLASS

98.    Plaintiff seeks to maintain this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of those who, during the previous six (6) years, were subjected to violations of the NYLL.

99.    The Class which Plaintiff seeks to define includes:

> All Landscapers employed by Defendants during the past six (6) years through the final date of disposition of this action, who are or were not provided with the required wage statements and notices pursuant to the Wage Theft Prevention Act by Defendants.

100.    The number of class members protected by the NYLL and who have suffered under Defendants' violation of the NYLL, as set forth herein, are too numerous to join in a single action, necessitating class recognition.

101.    All questions relating to the WTPA Class's allegations under the NYLL share a common factual basis with those raised by the claims of Plaintiff. No claims under the NYLL relating to the failure to issue the requisite notices and wage statements pursuant to the WTPA are specific to Plaintiff's or any proposed WTPA Class member and the claims of Plaintiff are typical of those asserted by the proposed WTPA Class.

102.    Plaintiff will fairly and adequately represent the interests of all members of the proposed WTPA Class.

103.    A class action is superior to all other methods of adjudication and is necessary in order to fairly and completely litigate the WTPA Class's allegations that Defendants violated the NYLL by not issuing all members of the proposed NYLL Class the requisite notices sand wage statements pursuant to the WTPA.

104.    The class members of the proposed WTPA Class are readily discernable and ascertainable. Contact information for all members of the proposed WTPA Class[5] is readily available from Defendants since such information is likely to be contained in their personnel files. Notice of this class action can be provided by any means permissible under the Fed. R. Civ. P. 23 requirements.

105.    Plaintiff asserts these claims on his own behalf as well as on behalf of the WTPA Class Plaintiffs through his attorneys who are experienced in class action litigation as well as employment litigation.

106.    Plaintiff is able to fairly represent and properly protect the interests of the absent members of the proposed WTPA Class and have no interests conflicting with those of the Class.

107.    The public will benefit from this case being brought as a class action because it serves the interests of judicial economy by saving the Court's time and effort and by reducing a multitude of claims to a single litigation. Prosecution of separate actions by individual WTPA Plaintiffs creates a risk of varying results based on identical fact patterns as well as disposition of the WTPA Class's interests without their knowledge or contribution.

---

[5]        Hereinafter referred to as the WTPA Plaintiffs.

108.   Because of the nature of wage and hour claims brought during the course of employment, class members are often fearful of filing claims against their employers and would benefit from Plaintiff's willingness to proceed against Defendants. The anonymity inherent in a class action suit further provides insulation against retaliation and/or undue stress and fear for the WTPA Class Plaintiffs' jobs and continued employment.

109.   The questions of law and fact that are nearly identical for all class members make proceeding as class action ideal.  Without judicial resolution of the claims asserted on behalf of the proposed WTPA Class, continued violations of the NYLL will undoubtedly continue.

110.   Whether Plaintiff and the WTPA Class Plaintiffs were properly issued the requisite notices and wage statements pursuant to the WTPA is common questions, which can readily be resolved through the class action process.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
**The Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, Made by Plaintiff on Behalf of All FLSA Plaintiffs**

111.   Plaintiff and the FLSA Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

112.   Throughout the period covered by the applicable statute of limitations, Plaintiff and other FLSA Plaintiffs were required to work and did in fact work in excess of forty (40) hours per workweek.

113.   Throughout the period covered by the applicable statute of limitations, Defendants knowingly failed to pay Plaintiff and the FLSA Plaintiffs the statutorily required overtime rate for all hours worked in excess of forty (40) hours per workweek.

114.   Defendants' conduct was willful and lasted for the duration of the relevant time periods.

115.    Defendants' conduct was in violation of the Fair Labor Standards Act.

## AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF
### The New York Labor Law Made by Plaintiff on Behalf of All NYLL Overtime Plaintiffs

116.    Plaintiff and the NYLL Overtime Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

117.    Throughout the period covered by the applicable statute of limitations, Plaintiff and other NYLL Overtime Plaintiffs were required to work and did in fact work in excess of forty (40) hours per workweek.

118.    Throughout the period covered by the applicable statute of limitations, Defendants knowingly failed to pay Plaintiff and the NYLL Overtime Plaintiffs the statutorily required overtime rate for all hours worked in excess of forty (40) hours per workweek.

119.    Defendants' conduct was willful and lasted for the duration of the relevant time periods.

120.    Defendants' conduct was in violation of the New York Labor Law.

## AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF
### The New York Labor Law Made by Plaintiff on Behalf of All NYLL Minimum Wage Plaintiffs

121.    Plaintiff and the NYLL Minimum Wage Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

122.    From January 1, 2017 to present, Defendants knowingly failed to pay Plaintiff and the NYLL Minimum Wage Plaintiffs the statutorily required minimum wage by compensating on a day rate basis, which did not equate to that statutory minimum wage mandated by the NYLL.

123.    Plaintiff and the NYLL Minimum Wage Plaintiffs are entitled to payment at the statutory minimum wage for all hours worked.

124.   Upon information and belief, Defendants knowingly failed to pay Plaintiff and the NYLL Minimum Wage Plaintiffs the statutory minimum wage for all hours worked.

125.   Defendants' conduct was willful and lasted for the duration of the relevant time period.

126.   Defendants' conduct was in violation of the New York Labor Law.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR A VIOLATION OF
### The New York Labor Law Made by Plaintiff on Behalf of All NYLL Spread of Hours Plaintiffs

127.   Plaintiff and the NYLL Spread of Hours Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

128.   From January 1, 2017 to present, Defendants knowingly failed to pay Plaintiff and the NYLL Spread of Hours Plaintiffs the statutorily required "spread of hours" pay for each workday worked in excess of ten (10) hours.

129.   Plaintiff and the NYLL Spread of Hours Plaintiffs are entitled to "spread of hours" pay for each workday worked in excess of ten (10) hours.

130.   Upon information and belief, Defendants knowingly failed to pay Plaintiff and the NYLL Spread of Hours Plaintiffs the "spread of hours" pay for each workday worked in excess of ten (10) hours.

131.   Defendants' conduct was willful and lasted for the duration of the relevant time period.

132.   Defendants' conduct was in violation of the New York Labor Law.

### AS AND FOR A FIFTH CAUSE OF ACTION FOR A VIOLATION OF
**The Wage Theft Prevention Act, NYLL §§ 195, *et seq.*, Made by Plaintiff on Behalf of All WTPA Plaintiffs**

133.    Plaintiff and the WTPA Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

134.    Pursuant to WTPA, employers are required to provide employees with, among other things: (i) certain written notices upon hiring and each subsequent year; (ii) notify employees the employer's policy on sick leave, vacation, personal leave, holidays and hours; (iii) notify an employee in writing information related to one's termination; and (iv) a statement with every payment of wages that included an accurate number of regular and overtime hours worked.

135.    Throughout the relevant time period Defendants' knowingly failed to provide Plaintiff and the WTPA Plaintiffs with the required wage statements and notices pursuant to WTPA.

136.    Defendants' conduct was willful and lasted for the duration of the relevant time periods.

137.    Defendants' conduct was in violation of the New York Labor Law.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and all Collective and Class Plaintiffs demand judgment against Defendants as follows:

1.    At the earliest possible time, Plaintiff should be allowed to give notice of this collective action, or the Court should issue such notice, to all members of the purported collective, defined herein.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages and/or benefits;

2.     Designation of Plaintiff as representatives of the FLSA Collective and Rule 23 Classes defined herein, and Plaintiff's counsel as Class Counsel;

3.     Equitable tolling of the FLSA statute of limitations as a result of Defendants' failure to post requisite notices under the FLSA;

4.     Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 for the purposes of the claims brought on behalf of all proposed Class members under the NYLL;

5.     Demand a jury trial on these issues to determine liability and damages;

6.     Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

7.     A judgment declaring that the practices complained of herein are unlawful and in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*; the New York Labor Law; and the Wage Theft Prevention Act.

8.     All damages which Plaintiff and all Collective and Class Plaintiffs have sustained as a result of Defendants' conduct, including back pay, liquidated damages, penalties, general and special damages for lost compensation and job benefits they would have received but for Defendants' improper practices;

9.     An award to Plaintiffs and all Collective and Class Plaintiffs of pre-judgment interest at the highest level rate, from and after the date of service of the initial complaint in this action on all unpaid wages from the date such wages were earned and due;

10.   An award to Plaintiff and all Collective and Class Plaintiffs representing Defendants' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

11.   An award to Plaintiff and all Collective and Class Plaintiffs for the amount of unpaid wages, including interest thereon, liquidated damages subject to proof, and penalties;

12.   Awarding Plaintiff and all Collective and Class Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

13.   Pre-judgment and post-judgment interest, as provided by law; and

14.   Granting Plaintiff and all Collective and Class Plaintiffs other and further relief as this Court finds necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this complaint.


Dated:  February 5, 2019
         Garden City, New York

                                        Respectfully submitted,

                                        /s/ *Robert R. Barravecchio*
                                        Robert R. Barravecchio
                                        Alexander M. White
                                        **Valli Kane & Vagnini LLP**
                                        600 Old Country Road, Suite 519
                                        Garden City, New York 11530
                                        (516) 203-7180 (phone)
                                        (516) 706-0248 (fax)

                                        *Attorneys for Plaintiff*